UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN WRIGHT, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14-CV-01525-CEJ ) |
| USAA CASUALTY INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to remand this case to the Twenty-Second Judicial Circuit Court of St. Louis, Missouri. This is a breach of contract and vexatious refusal to pay action arising from the defendant's denial of plaintiff's claim for coverage under an underinsured motorist provision in an insurance policy. In removing the action, the defendant asserted jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. In the motion for remand, plaintiff argues that the amount in controversy requirement for diversity jurisdiction cannot be established. Plaintiff seeks an award of attorney's fees and costs for the improper removal. The defendant has filed a response in opposition, and the issues are fully briefed.

I. Background

The plaintiff alleges that he was injured when the automobile he was driving was struck by an underinsured motorist. At the time of the accident, plaintiff was insured under a policy of insurance issued by defendant that includes coverage for injury caused by an underinsured motorist. The underinsured motorist coverage limit is $50,000.

1

After the defendant denied his claim under the policy, plaintiff sued for breach of contract and vexation refusal to pay. *See* Mo. Ann. Stat. § 375.420 (West 2013). In the complaint, plaintiff seeks to recover damages in an unspecified amount, costs, attorney's fees, and statutory damages under the vexatious refusal statute.[1] Plaintiff received $50,000 in settlement of his claim against the other driver.

II. Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Diversity jurisdiction requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). Here, there is no dispute that the parties are citizens of different states.

---

[1] A vexatious refusal to pay claim is a creature of Missouri law that provides some statutory remedies for an insurance company's breach of contract when it refuses to pay a valid claim. "In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict." Mo. Ann. Stat. § 375.420.

When, as here, "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum," the removing party must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "Under the preponderance standard, 'the jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . .'" *Id.* at 959 (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). "It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant." *Rodgers v. Wolfe*, 4:05-CV-01600-ERW, 2006 WL 335716 (E.D. Mo. Feb. 14, 2006) (quotation and citation omitted).

Attorney's fees are properly considered, along with damages and statutory penalties, in determining the amount in controversy. *Rasmussen v. State Farm Mut. Auto Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). Whether to award attorney's fees and in what reasonable amount is a question of fact for the trial court. *Delph v. Dr. Pepper Bottling Co. of Paragould*, 130 F.3d 349, 358 (8th Cir. 1997) (citing *Shrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 (8th Cir. 1997)); *see also Tate v. Golden Rule Ins. Co.*, 859 S.W.2d 831, 835 (Mo. Ct. App. 1993) ("[Missouri's vexatious refusal to pay statute] allows for an award of attorney's fees. The award is not mandatory. Therefore, the granting or refusal to

grant attorney's fees by the trial judge is primarily discretionary and will not be disturbed absent the showing of an abuse of discretion." (quotation marks and citation omitted)).

"All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Products Liability Litigation*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

III. Discussion

*A. Amount in Controversy Requirement*

Because of the policy limit, the maximum amount that plaintiff could recover against defendant for breach of contract is $50,000. Under the statutory formula, the maximum amount recoverable on the vexatious refusal claim is $5,150. Mo. Ann. Stat. § 375.420. Thus, the damages in this case cannot exceed $55,150,

However, the court can consider attorney's fees in determining the amount in controversy. *Rasmussen*, 410 F.3d at 1031. To meet the amount in controversy in this case, the defendant must prove by a preponderance of the evidence that a reasonable trier of fact could award plaintiff attorney's fees of at least $19,850, which would be roughly 35.993% of his potential maximum damages. *See Bell*, 557 F.3d at 956. To meet its burden, the defendant must present "some specific facts or evidence." *Abernathy v. Bank of America, N.A.*, 4:09-CV-134-HEA, 2009 WL 702785, at *2 (E.D. Mo. Mar. 16, 2009) (citing *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004)). "That evidence may include citations to similar cases in which punitive damages and attorney's fees were awarded." *Harris v.*

4

*TransAmerica Life Ins. Co.*, 4:14-CV-186-CEJ, 2014 WL 1316245 (E.D. Mo. Apr. 2, 2014). The evidence the defendant submits on this issue consists of an affidavit of its attorney and a report by the National Center for State Courts (NSCS).

In her affidavit, defendant's attorney states that she believes, based on experience, that the attorney's fees in this case could exceed $19,850. The court finds defense counsel's assertion in support of her client's position to be unpersuasive. The NCSC report discusses the costs of litigating automobile accident cases—as "measured" by a survey of American Board of Trial Advocates members' estimates of the number of hours spent on a "typical automobile tort case," as opposed to, say, data culled from the attorney fee requests submitted in cases where such fees were considered. Because the "typical automobile tort case" is not defined in the report, the relevance of the data the report contains is uncertain. Further, the estimates of a select group of lawyers as to the cost of litigating typical automobile tort cases are of dubious value. As a result, the court finds the report of no use in determining whether the attorney's fees awarded in this case would likely equal $19,850.

For the reasons discussed above, the court finds that the defendant has not met its burden of proving that the amount in controversy requirement for diversity jurisdiction has been met. Therefore, remand of this action is appropriate.

### B. Attorney's Fees and Costs

The plaintiff asks that the court order defendant to pay the costs and attorney's fees incurred as a result of removal, as permitted by 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees

under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). The defendant had an objectively reasonable basis to seek removal here because it believed that an attorney fee award in this case could increase the plaintiff's total recovery to an amount that would meet the amount in controversy requirement. Therefore, the plaintiff's request for attorney's fees and costs will be denied.

* * *

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand this action [Doc. #8] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees and costs for the removal is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2014.